


Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN PACIFICARE HEALTH INSURANCE COMPANY OF MICRONESIA, INC. dba PACIFICARE ASIA PACIFIC,<br><br>Petitioner,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Respondent. | Civil Case No. 04-00030<br><br>**BRIEF RE JURISDICTION** |

In its order of June 18, 2004, the Court directed the parties to file briefs respecting whether the court had jurisdiction to grant the relief requested pursuant to the authority cited by petitioner. Petitioner invoked the jurisdiction of the court under 9 USC 5 and 28 USC 1332.

9 GCA 5 is part of the Federal Arbitration Act (hereinafter, "FAA"). The FAA does not create any independent basis for federal question jurisdiction. American Federation of Television and Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.) 164 F.3d 1004, 1007 (6th Cir. 1999), Local 1416, Intern. Ass'n of Machinists,

AFL-CIO v Jostens, Inc., 250 F. Supp. 496, 499, D.C. Minn. 1966. Apart from the requirements of the FAA, diversity of citizenship or federal questions jurisdiction is requisite for federal jurisdiction. Hamilton Life Ins. Co. of New York v. Republic Nat. Life Ins. Co., 291 F. Supp. 225, 233, D.C. N.Y. 1968 affirmed 408 F.2d 606.

<u>There is no diversity of citizenship between the parties.</u>

28 USC § 1332 (a) provides that the district courts shall have original jurisdiction between citizens of different states, and 28 USC § 1332 (c) provides that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State in which it has its principal place of business..." The Petition for Appointment of Third Arbitrator by Court [9 U.S.C.§ 5] (hereinafter "Petition") states in paragraph 1 that Petitioner was organized under the laws of Guam, and that it has its principal place of business in Guam; hence petitioner Pacificare is a citizen of Guam. Moreover, it cannot be gainsaid that the Government of Guam is not a citizen of Guam. Hence there is no diversity of citizenship upon which the court could find jurisdiction under 28 USC § 1332.

<u>This civil action does not arise under the Constitution, laws or treaties of the Unitied States.</u>

As stated, supra, the FAA does not provide an independent basis for federal jurisdiction, and the FAA can only be invoked if there is some independent ground of federal jurisdiction. The dispute here did not arise under the Constitution, laws, or treaties of the United States. Instead, the dispute arose under the terms of a contract, the "2003 Government of Guam/Pacificare Asia Pacific Health Services Agreement" (hereinafter the "contract"). The fact that the contract related to interstate commence does not give the court jurisdiction under the FAA. Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 5th Cir. 2001, 276 F. 3d 683, 685

<u>The Parties waived jurisdiction, if any exists, of the court.</u>

The contract provided, in section 1.01.01 that, "[i]f the first two arbitrators fail to agree on the third within such five (5) working-day period, they or either of them shall apply to the Superior Court of Guam, who shall select a third arbitrator within five (5) working days of such application" Hence, by the term of their agreement, the parties waived federal court jurisdiction of action under the FAA, instead agreeing that the matter should be heard by the Superior Court.

Moreover, the right to compel arbitration under the FAA may be waived. <u>Nortuna Shipping Company v Isbrandtsen Company</u>, 231 F.2d 528, 529 (2nd Cir. 1956), cert. denied 76 S. Ct. 1028, 351 U.S. 964, 100 L.Ed. 1484.

On or about October 1, 2003, a three member arbitration panel ("Arbitrators") issued a unanimous award relieving Petitioners from any further obligations to provide health insurance coverage to Government of Guam employees, retirees and dependents for FY2004. The Arbitrators' October 1, 2003 decision was presented to the Superior Court for confirmation. Petitioner moved to confirm the award and respondent moved to vacate it.

On or about October 20, 2003, the Superior Court issued a Decision and Order vacating the Arbitrator's award and amended the matter to the Arbitrators for determination of benefits and rates for FY2004. The Arbitrators, after further deliberations, on October 30, 2003 issued another award which set rates and benefits for health care coverage to be offered by Petitioners to GovGuam enrollees for Fiscal Year 2004. That award was confirmed by the Superior Court on October 31, 2003.

Petitioners subsequently moved for reconsideration of the Court's October 20 order vacating the Arbitrators' initial award and took an appeal from that order. The Supreme Court of Guam in Appeal No. CVA3-029, dismissed the appeal without prejudice, permitting Petitioners to refile the appeal once the Superior Court had decided the Motion to Reconsider.

On February 9, 2004, the Court denied the Motion to Reconsider, and Petitioners thereafter filed a Notice of Appeal from that order as well as the underlying October 20, 2003 Decision and Order, and the matter is now on appeal before the Supreme Court of Guam in <u>Government of Guam, et. al. v PacifiCare Health Insurance Co. of Micronesia, Inc.</u>, Appellate Case No. CVA04-006.

By appealing the Superior Court's order vacating the arbitrator's decision terminating the contract as of September 30, 2003, Petitioner acted inconsistently with an intent to invoke arbitration with respect to issues arising after September 30, 2003. Responding to Petitioner's efforts to terminate the contract as of September 30, 2003 has prejudiced respondent, by virtue of the time and effort involved. Petitioner, by acting inconsistently with an intent to invoke arbitration and respondent being prejudiced as a result, has waived whatever right to arbitrate it may have had with respect to issues arising after September 30, 2003.

<u>In the absence of the parties consent, the Magistrate Judge has no authority to decide this matter.</u>

General Order No. 04-00016 of the District Court of Guam provides that the Magistrate Judge shall "[c]onduct any and all proceedings in a civil case (including jury and non-jury trials, and the entry of final judgment) upon the consent of the parties in accordance with this General Order."

9 USC § 6 provides:

> Any application to the court hereunder shall be made and heard in the manner provided by law for making and hearing of motions, except as otherwise herein expressly provided.

Hence the Petition is a to be treated as if it were a motion, and as such it would fall within the ambit of the above quoted language "any and all proceedings in a civil case." As

such, the Petition should not be entertained by the Magistrate Judge without the consent of the parties.

Dated this 22nd day of June 2004.

**OFFICE OF THE ATTORNEY GENERAL**
**DOUGLAS B. MOYLAN, Attorney General**

By: *[signature]*
    JOSEPH A. GUTHRIE
    **Deputy Attorney General**