MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
238 A.F.C. Flores Street
Suite 801 Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090
Facsimile: (671) 477-5206

Attorneys for Petitioner PacifiCare Health Insurance
 Company of Micronesia, Inc. dba PacifiCare Asia Pacific

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN PACIFICARE HEALTH INSURANCE COMPANY OF MICRONESIA, INC. dba PACIFICARE ASIA PACIFIC, <br><br> Petitioner, <br><br> and <br><br> GOVERNMENT OF GUAM, <br><br> Respondent. | CIVIL CASE NO. 04-00030 <br><br><br><br><br> MEMORANDUM IN RESPONSE TO GOVERNMENT'S OBJECTION TO DISMISSAL |

The record will reflect that this matter was dismissed on June 21, 2004 pursuant

to the voluntary dismissal provisions of Rule 41(a) of the Federal Rules of Civil Procedure.

Petitioner understands that Respondent Government objects to this dismissal. However, cases

**ORIGINAL**

interpreting Rule 41 make it abundantly plain that a party filing a civil action may dismiss it as a matter of right before an answer or summary judgment motion is filed by the opposing side.

A notice of dismissal itself closes the file and there is nothing a defendant can do "to fan the ashes of that action into life." American Cyanamid Co. v. McGhee, 317 F.2d. 275 (5th Cir. 1963). As that Court stated:

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963), *also quoted in* Universidad Central Del Caribe, Inc. v. Liaison Committee on Medical Education, 760 F.2d 14, 19 (1st Cir. 1985).

Such dismissal is a matter of right running to the plaintiff which may not be extinguished or circumscribed by either the adversary or the court. *Id.* The Court has no discretion as to invalidating a notice of dismissal filed by a plaintiff under Rule 41(a) prior to service by adverse party of an answer or of a motion; and the notice filed with the clerk closes the file. D.C. Electronics, Inc. v Nartron Corp., 511 F.2d. 294 (6th Cir. 1975).

2

Indeed, according to the Ninth Circuit Court of Appeals, the only exception to the rule is where the merits have been reached and the suit is in an advanced stage. Hamilton v. Shearson-Lehman American Express, Inc., 813 F.2d. 1532, 1534 (9th Cir. 1987). As the Court stated:

> The language of this rule leaves little room for interpretation. Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk. Rule 41(a)(1)(i) does not require leave of court to dismiss the action. The purpose of the rule is to facilitate the voluntary dismissal of an action, but safeguard abuse by limiting its application to an early stage of the proceedings.

813 F.2d at 1534; *also quoted in* Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003).

While this Court has examined the Petition and issued an order expressing concern about jurisdiction, such facts do not qualify for the exception. As the Ninth Circuit explained in Hamilton, *supra*, the narrow exception to the free dismissal rule occurs only in unusual cases such as where the court has held a hearing and developed an evidentiary record concerning the merits of the case. *Id.* at 1534, *citing* Harvey Aluminum, Inc. v. American Cyanamid, 203 F.2d. 103 (2nd Cir. 1953), *cert. denied* 345 U.S. 964, 73 S.Ct. 949, 97 L.E. 1383 (1953)(dismissal denied where evidentiary hearing held over the course of several days and lengthy record was generated on merits).

As the Ninth Circuit said ". . . Rule 41(a)(1) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court."

3

*Id.* at 1535, *quoting* D.C. Electronics, *supra*, 511 F.2d at 298. Accordingly, Petitioner PacifiCare observes that this action has been dismissed as a matter of law; and that the issues are now entirely moot. Indeed, the Superior Court has already proceeded to hear and adjudicate this matter. On June 21, 2004, a substantially identical action was filed in that Court, on which hearing has been set for June 22, 2004 at 1:30 p.m.

Respondent Government maintains that the instant matter should be treated as a "motion" instead of an action. However, regardless of the Government's characterization, this was in fact a civil action, "Civil Case No. 04-00030." The Government fails to explain how PacifiCare could have come before the Court without filing an action. One cannot simply file a motion and expect to have it heard in the absence of an underlying action. PacifiCare, in dismissing its action, did not merely take a motion off calendar, it dismissed the entire action.

In the alternative, even if PacifiCare's petition were somehow deemed to be merely a "motion" and not an action, it is nevertheless plain that PacifiCare served notice at the soonest practical time of its intention to take the matter off calendar. The record will reflect that the Court's June 18, 2004 Order was filed late in the day on a Friday. In fact, the parties did not receive the Order until after the close of business. PacifiCare's Notice of Dismissal was filed promptly at or about 9:00 a.m. on the very next business day, Monday, June 21, 2004. Under the circumstances, PacifiCare's Notice of Dismissal was given the soonest practical time after learning of the motion hearing set by the Court. It is a maxim of Guam jurisprudence that "the law never requires impossibilities." 20 G.C.A. § 15123. Under the circumstances, it was impossible for PacifiCare to have complied with L.R. 7.1(h)(i). PacifiCare dismissed the action

4

at the soonest practical opportunity in an effort to spare the Court and the parties further expense and endeavor. For reasons unknown, the Government seems intent on beating a dead horse.

Respectfully submitted this 22nd day of June, 2004.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Petitioner PacifiCare Health Insurance
Company of Micronesia, Inc. dba PacifiCare Asia Pacific

By: _____
RANDALL TODD THOMPSON

P04381.RTT

5